UNITED STATES BANKRUPTCY COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION DETROIT

In re: Kyle W. Williams,                  CHAPTER 13
                                          CASE NO. 22-45967-TJT
               Debtor.                   Judge Thomas J. Tucker

_____/

**ORDER GRANTING FEE APPLICATION,
IN A VOLUNTARILY REDUCED AMOUNT**

       This case is before the Court on the fee application filed by the attorney for the Debtor, Stephen D. Parker of PARKER LAW FIRM, PLLC (Docket # 60, the "Fee Application"). The Debtor, Kyle N. Williams (the "Debtor"), filed an objection to the Fee Application (Docket # 70, the "Objection"). No other objections were filed. The Court held a telephonic hearing on August 24, 2023, which was attended by the Debtor's attorney, Stephen D. Parker, the Debtor, and the attorney for the Chapter 13 Trustee. At the conclusion of the hearing, the Court took the Fee Application under advisement.

       The Court has considered the Fee Application, the Objection, the arguments made during the hearing, and other relevant parts of the record in this dismissed bankruptcy case.[1] For the following reasons, the Court will grant the Fee Application, in a voluntarily reduced amount.

       First, the Court overrules the Debtor's Objection to the Fee Application, in its entirety. Initially, the Court notes that as the Debtor admitted during the hearing, the Debtor signed the written fee agreement dated July 31, 2022, entitled "Chapter 13 Fee Agreement," and the Debtor signed the Rule 2016(b) Statement, also dated July 31, 2022. Copies of these documents are on file in this case at Docket ## 1 (at pdf page 51), 60 (at pdf page 70) and 73. These signed agreements of the parties do not contain any agreement or representation that the attorney's fee for this case would be limited to $3,500.00. Rather, they contain no such provision, and instead make clear that the Debtor's attorney would charge at an hourly rate of $275.00 per hour for his time spent working on the case, without any particular limit on the total amount of fees. And the Fee Application is based on that hourly rate of $275.00.

       The Court finds that the attorney's rate in this case of $275.00 per hour is reasonable. The Court further finds that all of the time spent and work done by the Debtor's attorney, as shown in the detailed itemization filed with the Fee Application (Docket # 60 at pdf pages 10-13), was reasonable. And the Court finds that the expense reimbursement requested as part of the Fee Application is reasonable as well.

       The Court has considered all of the relevant factors listed in Bankruptcy Code section 330(a), including 11 U.S.C. sections 330(a)(3), 330(a)(4), and 330(a)(6), and finds that the total fee requested in the Fee Application, $8,745.00, is reasonable.

---

[1] The Debtor voluntarily dismissed this case on June 22, 2023, before confirmation of any plan.

The Court finds that all of the attorney's work, as reflected in the itemization filed with the Fee Application, and as reflected in the record of this case, was reasonable, beneficial, and necessary in representing the interests of the Debtor in this Chapter 13 case. Benefits to the Debtor are accurately described in paragraphs 3.a through 3.g of the Fee Application, and additional benefits to the Debtor were described by the Debtor's attorney during the hearing. Among many other things, the Debtor's attorney successfully assisted the Debtor in obtaining a very beneficial mortgage loan modification, first on a trial basis, and then on a permanent basis. And before the Debtor decided to voluntarily dismiss this case, the Debtor's attorney prepared and filed three different proposed Chapter 13 plans, all with the Debtor's approval and signature (Docket ## 13, 27, 44; *see also* Docket ## 75-77), and filed and prosecuted objections to claims (Docket ## 22, 34, 38), among other things. All of the work done by the Debtor's attorney was necessary and beneficial toward the goal of obtaining a mortgage loan modification and confirming a plan in this case, and enabled the Debtor to obtain the benefit of the automatic stay under 11 U.S.C. section 362(a) for nearly a year (August 1, 2022 to June 22, 2023), while the Debtor moved toward confirmation, all until the Debtor decided to change course and voluntarily dismiss the case. That change of course happened two days after the Court entered an order allowing the Debtor to enter into a permanent mortgage loan modification on June 20, 2023 (Docket # 57).

While it appears that there may have been some communication problems between the Debtor and the Debtor's attorney in this case, and that is unfortunate, in the Court's view that does not affect the Court's findings, stated above, that the attorney fees and expenses requested by the Fee Application are reasonable.

During the hearing, the Debtor's attorney agreed to a $1,700.00 reduction in his allowed fee, from the Fee Application amount of $8,745.00 reduced to the amount of $7,045.00. The Court will allow the Fee Application in the voluntarily reduced amount of $7,045.00, plus expenses of $75.12.

For these reasons,

IT IS ORDERED that the Fee Application (Docket # 60) is granted, in the following reduced amount:

| | |
|---|---|
| PRIOR AWARD FOR FEES: | $0.00 |
| PRIOR AWARD FOR COSTS: | $0.00 |
| TOTAL AWARD TO DATE: | $0.00 |
| FEES NOW AWARDED: | $7,045.00 |
| EXPENSES NOW AWARDED: | $75.12 |
| **TOTAL THE AWARD:** | **$7,120.12** |
| **GRAND TOTAL FEES AND COSTS:** | **$7,120.12** |
| LESS AMOUNTS PREVIOUSLY PAID BY DEBTOR: | $0.00 |
| LESS AMOUNTS PREVIOUSLY PAID BY TRUSTEE FROM CHAPTER 13 PLAN: | $0.00 |

**BALANCE TO BE PAID BY TRUSTEE:** $7,120.12

**Signed on August 29, 2023**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge